James A. BUCKNER et al., Respondents,

v.

KNUTSON–GOULD CONSTRUCTION CO., Appellant.

Nos. 22562–22565.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1957.

Will B. Dearing, Hillsboro, Forrest P. Carson, Jefferson City, for appellant.

Curtis J. Quimby, Jefferson City, for respondents.

SPERRY, Commissioner.

The appellant here was the defendant in the trial court, and the respondents were plaintiffs.

The petition in this cause was filed in seven counts. Prior to trial the last two counts were dismissed. The remaining five counts, upon which the case went to trial, asserted claims for damages alleged to have resulted from blasting operations of appellant, in the construction of the south approach to the new bridge over the Missouri River in Jefferson City, Cole County, Missouri. Count one as amended was the claim for damages to the home of Fred L. Giffen, Angeline H. Giffen and Lawrence Everett Giffin. Count three was the claim of respondents, William H. Tambke and Mildred S. Tambke, for damages to their home. Count four, as amended, was the claim of respondents, Joseph H. Kleene and Louise E. Kleene, for damages to their home, and Count five, as amended, was the claim of respondents, James A. Buckner and Esther M. Buckner, for damages to their home. Count two was the claim of respondent, Fred L. Giffin, for damages to his automobile, damaged by a flying rock. No appeal was taken from the verdict and judgment on Count Two.

All counts were based on the blasting operations of appellant in the spring and summer of 1954. The cases were tried simultaneously before a jury. Four separate verdicts were returned by the jury, and judgment was entered thereon by the court. The judgment in favor of respondents Giffin on Count one was for $2,500. The judgment in favor of respondents Tambke on Count three was for $3,000. The judgment for respondents Kleene on Count four was for $2,500. The judgment for respondents Buckner on Count five was for $2,000. Separate motions for a new trial were filed as to Counts one, three, four and five. Each such motion for new trial was overruled, and thereafter notices of appeal were filed.

All claims were tried in one trial, on a common record. The respondents in each count presented their testimony as to the damage claimed to their own home, and the balance of the evidence of respondents pertained to the acts and conduct of appel-

lant and to the cause of alleged damage to all the homes involved. Aside from the extent of the damage claimed in each count, all of the questions of fact were the same, and the questions of law involved on this appeal pertaining to each separate count and judgment are the same.

This court ordered the four separate appeals consolidated for purpose of appeal.

There was testimony on the part of the various parties plaintiff herein, and others produced by them, tending to prove the amount of damages that each of the plaintiffs suffered. However, no question is presented on that issue and it is unnecessary to detail such evidence.

There was much testimony, as to each of the cases, regarding the severity of the blasts and of the effect on the property at the time said blasts were set off. Such testimony tended to prove that each of the properties herein suffered severe and permanent damages, from jarring and concussion, at the instant said blasts occurred.

Plaintiffs also offered, and it was received, the testimony of two professors from the Rolla School of Mines, experts on the question of the effect that severe blasting would have on these structures. The gist of their testimony was to the effect that such blasts as here carried on would cause the displacement, and consequent movement, of the particles of soil upon which the houses rested, which soil was underlaid with limestone, which was blasted by defendant for removal. Their evidence was to the effect that the soil upon which the houses sat consisted of particles some five thousandths of an inch in diameter; that any concussion which caused a displacement of these soil particles equal to their diameter, would result in a settling of the foundation of the buildings resting thereon. Professor Carpenter stated:

"A. In my opinion, the major portion of the damage observed on our visit in January, January, 29, of these four houses could be and was the result of settlement caused by vibrations reaching the soil under the footings of these residences from blasting on highway 63 approach cut to the Missouri River bridge."

Defendant objected to the reception of the testimony of the experts. At the close of plaintiffs' evidence defendant moved as follows:

"At the close of the plaintiffs' evidence, the defendant wishes to move the court to dismiss plaintiffs' petition, or to direct a verdict in favor of the defendant for the reason that under the law and the evidence, the plaintiffs are not entitled to recover, and in particular, for the reason that the plaintiffs singly, individually and jointly allege that their damage was the result—I am quoting—'And that as a direct and proximate result of such blasting, done by the defendant, and the vibrations caused thereby, said real estate was damaged by the cracking and breaking of masonry foundations'—end of quote. The evidence in this case completely fails to support that allegation, found in this petition. To the contrary, the evidence attempts to advance a theory entirely alien from that set forth in the petition. That constitutes a complete departure from the alleged cause of action stated."

This appeal is bottomed on the theory, as stated by defendant, that the petition charged damage to respondents' homes from *direct* vibrations of the blasting operation of appellant. Defendant says that the testimony of the experts tended to prove that the vibrations from the blasting caused the soil underneath the houses to settle or subside, and that the houses thereafter settled, as a result of such subsidence, causing the foundations and walls to crack; that the damage complained of was caused by the settling of the foundations due to shifting or ldisplacement of the soil particles, not to direct vibrations due to blasting; that such evidence constituted

a material variance between the pleadings and the proof.

■ Defendant cited three authorities. Dimick v. Snyder, Mo.App., 34 S.W.2d 1004, 1006, holds that a pleader may not be permitted to prove that which he did not allege. Cory v. Conqueror Trust Company, Mo.App., 86 S.W.2d 611, 615, holds that the proof on the part of plaintiffs must conform to the allegations of his petition. Paragraph 215, of Carr on Missouri Civil procedure, deals with procedure available when evidence not within the issues made by the pleadings is offered. There can be no question but that the proof must conform to the allegations of the petition. See 41 Am.Juris. page 546 et seq.

Defendant claims that plaintiffs alleged their damages to be due, specifically, to direct impact vibrations to the buildings, caused by blasting. It was not so specifically alleged or pleaded in the petition, the language of which we have heretofore quoted. That language cannot be interpreted so narrowly as defendant contends. Proof that the blasting vibrations caused a shifting of the underlying support of the foundation of the buildings which, in turn, caused the buildings to settle and crack, merely explains in what manner said blasting and vibrations caused the damage. But the jury could have found, as it did, that the damage, nevertheless, was the direct and proximate result of the blasting.

■ In order for defendant's contention to be sustained there must have been a material variance between the pleading and the proof, a substantial departure between the pleadings and the proof. If the evidence can be reasonably construed to support the allegations, there is no variance. Evidence of the actual facts will support a pleading which sets up the same facts according to their legal effect. 71 C.J.S.

Pleading §§ 532, 533, pp. 1101, 1102. Here, plaintiffs pleaded the ultimate fact, of damage due to vibrations from blasting; and their proof supported the pleadings.

The court said, in McCloskey v. Salveter & Stewart Investment Company, 317 Mo. 1156, 298 S.W. 226, 235:

"It is sufficient if it be the efficient cause which set in motion the chain of circumstances leading up to the injury, and which in natural, continuous sequence, unbroken by any new and independent cause, produced the injury. The primary cause will be the proximate cause where it is so linked and bound to the succeeding events that all create or become a continuous whole, the one so operating on the others as to make the injury the result of the primary cause."

Also see Jenkins v. Springfield Traction Company, 230 Mo.App. 1235, 96 S.W.2d 620, 624, par. 3.

■■ Under the evidence here the jury could have found that the blasting caused seismic waves to travel through the rock strata underlying the soil upon which the foundations of the buildings rested; that this disturbance caused a displacement of the soil particles and a consequent settling of the foundations, thereby causing the breakages. It was not necessary that plaintiffs plead with particularity every detail of the process involved by which the ultimate damage was caused. They did not attempt to do so, nor is the petition misleading.

Each of the judgments herein should be affirmed.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. Each of the judgments herein is affirmed.

All concur.